# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VIAHART, LLC ) | |
| ) | |
| v. ) | Case No. 1:16-cv-9558 |
| ) | |
| Awesome choice; Baiyun dba B&Y; ) | Judge: |
| Bilipala; Caryo; Cherish The Fate; ) | |
| CYY Mall dba ZADA; Do Smart; ) | Magistrate |
| EMIDO; Goodlucky365; ) | Judge: |
| i-sun dba Magtimes; iLOVEBABY; ) | |
| iManson; KATOP dba AGOODING/ ) | |
| Sky Pulse/MECAWIG; KIDSLAND; ) | |
| Loves; Michael's Shop dba Angielucky ) | |
| Night On dba Hommie; ) | |
| POP Baby dba poplay; ) | |
| Qiyo STore dba QIYO; ) | |
| Sissel's Store dba SIS; ) | |
| SoFou Direct dba SoFou; ) | |
| USLUCK Store dba Beauty Mood; ) | |
| Wekity ) | |

## COMPLAINT

Plaintiff VIAHART, LLC hereby files this Complaint for, *inter alia*, trademark infringement, counterfeiting, and related claims against Defendants, on personal knowledge as to Plaintiffs' own activities and on information and belief as to the activities of others:

### The Parties

1. Plaintiff, VIAHART, LLC ("VIAHART") is a Limited Liability Company organized under Connecticut law. VIAHART maintains its principal place of business at 1321 Upland Dr. #6481 Houston TX 77043.

2. Defendant, Awesome choice, is a business with a website address of https://www.amazon.com/AWESOME-CHOICE/b/ref=bl_dp_s_web_13608662011?ie=UTF8&node=13608662011 whose actual name is currently unconfirmed and true address currently unknown.

3. Defendant, Baiyun dba B&Y, is a business with a website address of https://www.amazon.com/B-Y/b/ref=bl_dp_s_web_11878378011?ie=UTF8&node=11878378011&field-lbr_brands_browse-bin=B%26Y whose actual name is currently unconfirmed and true address currently unknown.

4. Defendant, Bilipala, is a business with a website address of https://www.amazon.com/Bilipala/b/ref=bl_dp_s_web_13650096011?ie=UTF8&node=13650096011&field-lbr_brands_browse-bin=Bilipala whose actual name is currently unconfirmed and true address currently unknown.

5. Defendant, Caryo, is a business with a website address of https://www.amazon.com/Caryo/b/ref=bl_dp_s_web_14510160011?ie=UTF8&node=14510160011&field-lbr_brands_browse-bin=Caryo whose actual name is currently unconfirmed and true address currently unknown.

6. Defendant, Cherish The Fate, is a business with a website address of https://www.amazon.com/CHERISH-THE-FATE/b/ref=bl_dp_s_web_12668820011?ie=UTF8&node=12668820011&field-lbr_brands_browse-bin=CHERISH+THE+FATE whose actual name is currently unconfirmed and true address currently unknown.

7. Defendant, CYY Mall dba ZADA, is a business with a website address of https://www.amazon.com/ZADA/b/ref=bl_dp_s_web_12248444011?ie=UTF8&node=12248444

011&field-lbr_brands_browse-bin=ZADA whose actual name is currently unconfirmed and true address currently unknown.

8. Defendant, Do Smart, is a business with a website address of https://www.amazon.com/DoSmart/b/ref=bl_dp_s_web_14561951011?ie=UTF8&node=14561951011&field-lbr_brands_browse-bin=DoSmart whose actual name is currently unconfirmed and true address currently unknown.

9. Defendant, EMIDO, is a business with a website address of https://www.amazon.com/EMIDO/b/ref=bl_dp_s_web_13313106011?ie=UTF8&node=13313106011&field-lbr_brands_browse-bin=EMIDO whose actual name is currently unconfirmed and true address currently unknown.

10. Defendant, Goodlucky365, is a business with a website address of https://www.amazon.com/s/ref=bl_dp_s_web_0?ie=UTF8&search-alias=aps&field-keywords=Goodlucky365 whose actual name is currently unconfirmed and true address currently unknown.

11. Defendant, i-sun dba Magtimes, is a business with a website address of https://www.amazon.com/Magtimes/b/ref=bl_dp_s_web_14946325011?ie=UTF8&node=14946325011&field-lbr_brands_browse-bin=Magtimes whose actual name is currently unconfirmed and true address currently unknown.

12. Defendant, iLOVEBABY, is a business with a website address of https://www.amazon.com/ILOVEBABY/b/ref=bl_dp_s_web_7488203011?ie=UTF8&node=7488203011&field-lbr_brands_browse-bin=ILOVEBABY whose actual name is currently unconfirmed and true address currently unknown.

13. Defendant, iManson, is a business with a website address of https://www.amazon.com/iManson/b/ref=bl_dp_s_web_13885950011?ie=UTF8&node=13885950011&field-lbr_brands_browse-bin=iManson whose actual name is currently unconfirmed and true address currently unknown.

14. Defendant, KATOP dba AGOODING/Sky Pulse/MECAWIG, is a business with a website address of https://www.amazon.com/Agooding/b/ref=bl_dp_s_web_12091562011?ie=UTF8&node=12091562011&field-lbr_brands_browse-bin=Agooding and https://www.amazon.com/Sky-Pulse/b/ref=bl_dp_s_web_14269363011?ie=UTF8&node=14269363011&field-lbr_brands_browse-bin=Sky+Pulse whose actual name is currently unconfirmed and true address currently unknown.

15. Defendant, KIDSLAND, is a business with a website address of https://www.amazon.com/Kidsland/b/ref=bl_dp_s_web_14169396011?ie=UTF8&node=14169396011&field-lbr_brands_browse-bin=Kidsland whose actual name is currently unconfirmed and true address currently unknown.

16. Defendant, Loves, is a business with a website address of https://www.amazon.com/Loves/b/ref=bl_dp_s_web_11877406011?ie=UTF8&node=11877406011&field-lbr_brands_browse-bin=Love%27s whose actual name is currently unconfirmed and true address currently unknown.

17. Defendant, Michael's Shop dba Angielucky, is a business with a website address of https://www.amazon.com/Angielucky-Snowflake-Interlocking-Plastic-Educational/dp/B01K1KRXOO/ref=sr_1_fkmr0_1?ie=UTF8&qid=1475765413&sr=8-1-fkmr0&keywords=Michael%27s+Shop+brain+flakes

https://drive.google.com/open?id=0ByX-7AGzNtLkSThDM056di1YU3M whose actual name is currently unconfirmed and true address currently unknown.

18. Defendant, Night On dba Hommie, is a business with a website address of https://www.amazon.com/Hommie-Brain-Flakes-Interlocking-Plastic/dp/B01HPSJRZ8/ref=sr_1_1?s=toys-and-games&ie=UTF8&qid=1475328367&sr=1-1&keywords=night+on+brain+flakes whose actual name is currently unconfirmed and true address currently unknown.

19. Defendant, POP Baby dba poplay, is a business with a website address of https://www.amazon.com/POPLAY/b/ref=bl_dp_s_web_13400322011?ie=UTF8&node=1340032 2011&field-lbr_brands_browse-bin=POPLAY whose actual name is currently unconfirmed and true address currently unknown.

20. Defendant, Qiyo STore dba QIYO, is a business with a website address of https://www.amazon.com/QIYO/b/ref=bl_dp_s_web_14372345011?ie=UTF8&node=14372345 011&field-lbr_brands_browse-bin=QIYO whose actual name is currently unconfirmed and true address currently unknown.

21. Defendant, Sissel's Store dba SIS, is a business with a website address of https://www.amazon.com/Sis/b/ref=bl_dp_s_web_9618956011?ie=UTF8&node=9618956011&f ield-lbr_brands_browse-bin=Sis whose actual name is currently unconfirmed and true address currently unknown.

22. Defendant, SoFou Direct dba SoFou, is a business with a website address of https://www.amazon.com/SoFou/b/ref=bl_dp_s_web_14256449011?ie=UTF8&node=14256449 011&field-lbr_brands_browse-bin=SoFou whose actual name is currently unconfirmed and true address currently unknown.

23. Defendant, USLUCK Store dba Beauty Mood, is a business with a website address of https://www.amazon.com/BeautyMood/b/ref=bl_dp_s_web_13959422011?ie=UTF8&node=13959422011&field-lbr_brands_browse-bin=BeautyMood whose actual name is currently unconfirmed and true address currently unknown.

24. Defendant, Wekity, is a business with a website address of https://www.amazon.com/Wekity/b/ref=bl_dp_s_web_14572468011?ie=UTF8&node=14572468011&field-lbr_brands_browse-bin=Wekity whose actual name is currently unconfirmed and true address currently unknown.

**Jurisdiction and Venue**

25. This is an action for trademark counterfeiting and trademark infringement, and unfair competition and false designation of origin arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, et seq., as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anti-Counterfeiting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), and for unlawful and deceptive acts and practices under the laws of the State of Illinois.

26. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

27. This Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in this District.

28. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Background Facts**

29. The Plaintiff is the owner of the entire right, goodwill, title and interest in and to the federally registered trademark BRAIN FLAKES (U.S. Reg. No. 5049910). The registration is valid, subsisting, unrevoked and not cancelled.

30. The Plaintiff's brand, symbolized by the Plaintiff's mark, is a recognized symbol of high-quality children's toys which stimulate growth and learning. The Plaintiff has used the mark connection with the advertising and sale of toys for many years in interstate commerce, including commerce in the State of Illinois and in this judicial district.

31. Due to the promotion and use of the Plaintiff's mark, consumers throughout the United States and the world associate the Plaintiff's products with exceptional quality in materials and workmanship, as well as product safety. Consumers also recognize that the Plaintiff's goods sold in the United States originate exclusively with the Plaintiff.

32. The Plaintiff maintains strict quality control standards for all products featuring the Plaintiff's mark. Products are regularly inspected and tested for quality of craftsmanship and manufacturing, but also for safety. Plaintiff's products are distributed through retail establishments as well as online at the following addresses: www.viahart.com and https://www.amazon.com/s?marketplaceID=ATVPDKIKX0DER&me=A2F9QUWMX16RV7&merchant=A2F9QUWMX16RV7&redirect=true

**Defendant's Conduct**

33. The Plaintiff is the victim of an Internet counterfeiting scheme to advertise and sell counterfeit products. Defendants have manufactured, imported, distributed, offered for sale and sold counterfeit goods, using the Plaintiff's mark ("Counterfeit Products") and continue to do so.

34. Defendants, without authorization or license from the Plaintiff, knowingly and willfully use and continue to use the Plaintiff's mark in conjunction with the advertisement, offer for sale and sale of the Counterfeit Products, through the Internet. The Counterfeit Products are not genuine Plaintiff's products. The Plaintiff has not manufactured, inspected, or packaged the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution.

35. Defendants operate a number of websites via Amazon and other online shopping aggregators, using the Plaintiff's mark, as well as copying Plaintiff's copyrighted product images and photographs of genuine products with detailed product descriptions. Defendant's product listings appear to unknowing customers to be legitimate goods authorized by the Plaintiff.

36. Defendant's use the Plaintiff's mark on or in connection with the advertising, marketing, distribution, offering for sale and the sale of the Counterfeit Products is likely to cause and has caused confusion, mistake and deception by consumers and is irrevocably harming the Plaintiff.

37. Defendants are using the Plaintiff's mark with the bad faith intent to profit from the mark by fooling consumers into believing the Defendant's Counterfeit Products are actually authentic Plaintiff's products.

## COUNT ONE
## FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
## (15 U.S.C. §1114)

38. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

39. The Plaintiff's mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The mark is highly distinctive and has become universally associated in the public mind with Plaintiffs' Products and related services. Consumers associate the Plaintiff's mark with the Plaintiff as the source of the very highest quality products.

40. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's mark and the fact that Defendants' Counterfeit Products are sold using marks which is identical or confusingly similar to the Plaintiff's mark, the Defendants have manufactured, distributed, offered for sale and/or sold the Counterfeit Products to the consuming public in direct competition with Plaintiff's sale of genuine Plaintiff products, in or affecting interstate commerce.

41. Defendants' use of copies or approximations of the Plaintiff's mark in conjunction with Defendant's Counterfeit Products is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by the Plaintiff, all to the damage and detriment of the Plaintiff's reputation, goodwill and sales.

42. The Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT TWO**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. §1125(a))**

43. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

44. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

45. By misappropriating and using the Plaintiff's marks, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

46. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to Defendants' profit and to the Plainitiff's great damage and injury.

47. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

48. The Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT THREE
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES (815 ILCS 510)

49. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

50. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's products sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

51. By misappropriating and using the Plaintiff's mark, genuine product images and trade names, Defendants misrepresent and falsely describe to the general public the origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

52. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

53. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq.*, in that Defendants' use of the Plaintiff's mark, genuine product images and trade names, in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

54. Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows:

55. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be permanently enjoined and restrained from:

(i) using the Plaintiff's marks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiff's mark in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of the Plaintiff; and

(ii) passing off, inducing or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by the Plaintiff; and

(iii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any toys or other items falsely bearing the Plaintiff's mark, or any reproduction, counterfeit, copy or colorable imitation of same.

56. That Defendants, within 30 days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon the Plaintiff's a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

57. That Defendants account for and pay over to the Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of

damages for infringement of the Plaintiff's registered trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

    58. In the alternative, that the Plaintiff be awarded statutory damages of $100,000 for each and every Plaintiff mark counterfeited by each Defendant.

    59. That the Plaintiff be awarded reasonable attorneys fees and have such other and further relief as the Court may deem equitable including, but not limited to, any relief set forth under Sections 34-39 of the 1946 Trademark Act and/or C.G.S.A. §§ 35-11(i), 42-110(a) et seq., 42-110(b) et seq.

                                          Respectfully submitted,

                                 By: _____
                                            David Gulbransen
                                            Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
159 N. Marion Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com